# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Mike (NMN) OSUNA
## Seaman (E-3), U.S. Coast Guard

## CGCMG 0152

## Docket No. 1122

## 9 April 2003

General Court-Martial convened by Commander, Seventh Coast Guard District. Tried at NAS Jacksonville, Florida, and NSB Kings Bay, Georgia, on 16 and 17 November 1998 and 23 February through 2 March 1999.

| | |
|---|---|
| Military Judge: | CAPT Robert W. Bruce, USCG |
| Trial Counsel: | LT Julia Diaz-Rex, USCG |
| Assistant Trial Counsel: | LTJG Brian P. Hill, USCG |
| Detailed Defense Counsel: | LT Cindi Peppetti, JAGC, USNR |
| Assistant Defense Counsel: | LT Sean Sheppard, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL EIGHT
## BAUM, PALMER, & CAHILL[*]
Appellate Military Judges

BAUM, Chief Judge:

The record in this case was first acted upon by this Court on 28 November 2001 in a decision which affirmed the findings of guilty, and returned the record for a new convening authority's action on the sentence.[1] That sentence action has been completed by the convening authority, and has resulted in his reducing the earlier approved dishonorable discharge to a bad conduct discharge, and approval again of the remaining adjudged sentence of confinement for three months and reduction to paygrade E-1. Before this Court, Appellant has reasserted an error assigned by him earlier, that the evidence of record is insufficient to support a finding of guilt beyond a reasonable doubt for two specifications alleging maltreatment of a Seaman Apprentice

---

[*] Judge Cahill did not participate in this decision.
[1] *United States v. Osuna*, 56 M.J. 620 (C.G. Ct. Crim. App. 2001)

(SA) under his authority as an Honor Guard trainee.[2]  This assignment was rejected by two of the three judges on this panel during our first review of the case, with a determination that the findings of guilty were both legally and factually sufficient.  As the third member of the panel, I dissented from this view, finding the two specifications of maltreatment not proven beyond a reasonable doubt.  Now, Appellant asks us to revisit the majority's decision in this regard.  In so doing, he notes that the question of what extent a service court is bound by its previous factual findings is presently pending before the United States Court of Appeals for the Armed Forces in the case of *United States v. Riley*, 57 M.J. 157 (C.A.A.F. 2002).  In granting review of that case the Court specified the following issue:

> WITH RESPECT TO FINDINGS OF FACT MADE BY A COURT OF CRIMINAL APPEALS UPON INITIAL REVIEW THAT ARE RELEVANT TO THE LEGAL OR FACTUAL SUFFICIENCY OF FINDINGS OF GUILT, WHAT IS THE AUTHORITY, IF ANY, FOR THE COURT OF CRIMINAL APPEALS TO RECONSIDER AND MAKE MATERIAL ALTERATIONS IN SUCH FINDINGS UPON REMAND IN THE COURSE OF APPROVING A FINDING OF GUILT?

*Riley*, 57 M.J. at 157.

Notwithstanding our higher Court's ultimate decision on this matter, we believe it would be inappropriate for us to readdress our previous factual determination, absent a legal error necessitating such action.  In *United States v. Hutchison,* 56 M.J. 684 (C.G. Ct. Crim. App. 2001), we took that position with respect to reconsideration of a panel's sentence decision.  In that case we said:

> The question whether we are precluded from reconsidering the earlier sentence determination by a panel, as suggested by Chief Judge Everett, can only be resolved by a majority of our higher court.  Meanwhile, whether or not it is within our power under Article 66(a), UCMJ, we have determined that it would be inappropriate for us to reconsider the prior action reducing the sentence simply because we might disagree with the panel's sentence assessment.  Accordingly, we will limit ourselves to the legal issues that have been raised, reviewing the approved sentence only if an error of law led to that action.

*Hutchison,* 56 M.J. at 686.  We believe the same rationale should apply to the situation before us

---

[2] At his general court-martial, Appellant was convicted, contrary to his pleas, of one specification of violating a lawful general order by making unwelcome sexual advances to Seaman Apprentice (SA) K and creating an intimidating or hostile work environment; two specifications of wrongful maltreatment of SA K; one specification of adultery with SA K; and one specification of violating a lawful general regulation by engaging in sexually intimate behavior with SA K; in violation of Articles 92, 93, 134, and 92 of the Uniform Code of Military Justice (UCMJ), respectively.  The members sentenced Appellant to a dishonorable discharge, confinement for three months, and reduction to paygrade E-1, which the convening authority approved when he first acted on the sentence.  This Court affirmed the findings of guilty, but set aside the sentence and returned the record for a new convening authority's action on the sentence.

now relating to the panel's prior factual determination. Although the views, expressed in my earlier dissent, have not changed concerning the adequacy of the evidence, I do not believe it fitting to reopen this question, absent some legal imperative for doing so. For that reason, the earlier decision with respect to the findings of guilty will stand.

When the record was previously before us, Appellant had assigned two other errors: (1) that Appellant's opportunity for clemency was materially prejudiced when the convening authority relied upon an incomplete and misleading Staff Judge Advocate's Recommendation and then took action without considering clemency matters submitted by Appellant; and (2) that the sentence, in particular the dishonorable discharge, was inappropriately severe considering the nature of the offenses and Appellant's good military character. Appellant now concedes that these previously assigned errors have been rendered moot by the convening authority's subsequent action. We agree that the assignments have been mooted. However, when we decided this case earlier, we withheld review of the appropriateness of the entire sentence until after the second convening authority's action. Accordingly, it is now necessary for us to specifically determine whether the approved sentence, as mitigated, is appropriate, in light of all the circumstances of this case. In so doing, we will take into consideration the more than six months delay in the convening authority's action before anyone realized the record had been remanded. Appellant does not contend that this additional delay has caused any uniquely personal harm, but, citing *United States v. Tardif*, 57 M.J. 219 (C.A.A.F 2002), he submits that unreasonable delay is an appropriate factor to consider in determining sentence appropriateness, and suggests disapproval of some portion of Appellant's confinement. We have taken that delay into consideration, along with all other aspects of this case, and have determined that the sentence, as mitigated by the convening authority, is appropriate and should be approved.

In light of the foregoing, the previous decision of this Court with respect to the approved findings of guilty stands as the Article 66, UCMJ, determination of this Court. We have reviewed the most recently approved sentence by the convening authority and, upon such review, have determined it to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the sentence, as approved below, is affirmed.

Judge PALMER concurs.

For the Court,



Roy Shannon, Jr.
Clerk of the Court